## Commonwealth v. Sorrentino

*Wallace C. Worth*, First Assistant District Attorney, and *George J. Joseph*, District Attorney, for Commonwealth.

*Michael Sorrentino*, p. p.

*Opinion*

WIEAND, J., December 1, 1964.—After the commencement of trial on charges of sodomy and corrupting the morals of children, the defendant, Michael Sorrentino, being represented by counsel of his choice, on September 23, 1964, changed his plea to "Guilty" and was sentenced to imprisonment in a State correctional institution for a term of not less than three years and not more than six years. On October 27, 1964, slightly more than a month later, he requested a copy of the notes of testimony recorded at the time of his trial, and pursuant to authorization contained in the Act of May 1, 1907, P. L. 135, sec. 2, as amended, 17 PS §1802, this court entered an order directing that the notes of testimony be transcribed and defendant furnished with a copy thereof.

This order has now been followed by a petition in forma pauperis requesting that Sorrentino, at the expense of the county, be furnished with certified copies of the information, warrant, aldermanic docket entries, indictment and order of commitment. In support of his petition, Sorrentino cites the Act of May 5, 1911, P. L. 161. This statute is one of several amendments to the Act of May 1, 1907, supra, which authorizes the courts to appoint official court stenographers to report proceedings of the courts and which requires additionally the furnishing of copies of notes of testimony, under circumstances and conditions therein set forth, to defendants in cases tried in the courts of oyer and

terminer. Neither the Act of 1907 nor any subsequent amendment thereto authorizes the court, at the expense of the county, to furnish a defendant with copies of records other than the notes of testimony. The statute does not grant to a defendant the right to be supplied with copies of records such as the information, warrant, indictment and commitment: Commonwealth v. Myers, 21 Fayette 44; Commonwealth v. Rockwell, 20 Fayette 90; Commonwealth v. Sarlouis, 21 D. & C. 2d 253.

The Act of 1937, P. L. 2664, sec. 3, 12 PS §1894, requires that in a habeas corpus proceeding, "the records of all proceedings and testimony shall be available to the petitioner or his counsel for inspection in the court where the application is made." This does not aid Sorrentino in his present quest, for not only is there no habeas corpus petition pending in this court, but there is nothing in the statute which entitles him to receive, at the expense of the county, copies of the record of the proceedings leading to his incarceration: Commonwealth v. Bishop, 76 D. & C. 302.

Despite the recent expansion by the courts of individual rights of accused criminals, we do not believe that in the absence of legislative authorization therefor, this court should require the county to bear the expenses of furnishing copies of records which will, in any event, be available to the prisoner or his counsel for inspection at such time as his rights are in issue.

## Order

And now, December 1, 1964, the request of the petitioner for certified copies of the information, warrant, aldermanic docket entries, indictment and commitment, to be furnished at the cost of the county, is denied and the petition dismissed.